# JAMES M. ANDERSON & CO.
## v.
# WILLIAM H. DEZONIA.

*Master and Servant—Contract of Hiring—Traveling Salesman—Special Agreement—Recovery of Wages—Evidence—Instructions—Usage.*

In an action to recover for services performed by the plaintiff as a traveling salesman, the contention being as to whether the compensation was to be a commission upon sales or a regular salary, this court, upon a review of the evidence, declines to interfere with the verdict for the plaintiff.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Mr. W. W. BARR, for appellants.

Messrs. G. W. SMITH and HILL & MARTIN, for appellee.

GREEN, P. J.   This cause has been twice tried in the court
below, with a like result; in each instance the jury returned a
verdict for appellee; the record of the first trial was before us
on appeal, and the case is reported in 23 Ill. App. 422.   In the
opinion it is said, the recovery was evidently had upon a spe-
cial agreement relied upon by appellee, whereby appellants
were  to pay him a salary, which agreement consisted of an
offer made in a letter in reply to an inquiry made by appellee
and his answer thereto, and the letter is the same one referred
to by witnesses in this record.   It is further said in the opin-
ion, the letter contemplates further action before the amount
to be paid should be fixed, and because of this and because
from the proof it appears that the parties did not treat it as a
special contract of hiring, the court was not convinced it
should have the construction contended for.   By the record
now before us it appears  plaintiff below claimed a right to
recover upon two theories—one under a special contract
for a salary of $100 or $125 per month made with defend-
ants through their agent, Carter, or in case the jury did
not find from the evidence such special contract had been
made, then he was entitled to recover the amount his services
were reasonably worth.

That Carter was authorized to employ a traveling salesman
for the defendant is sufficiently shown by the testimony of
plaintiff and witness Powell, if the jury believe them in pref-
erence to the other witnesses testifying to the contrary; and
we are not willing to hold upon an examination of this record
that .there was not evidence of a special contract by appellants
to pay appellee a salary not less that $100 per month and his
expenses, not to exceed $125 per month, and evidence suffi-
cient to justify the court in giving the instructions excepted
to by appellants.   Plaintiff testified he lived at Cairo, had
known Carter eight or nine years; about February 8, 1886,
wrote to Carter at St. Louis, asking him if he knew of an

opening in St. Louis for a man who had eight or nine years' experience on the road as a salesman; that he received a reply to that letter from Carter, written upon one of defendants' letter-heads, stating J. M. Anderson wanted a man to put in northwest Missouri, which territory had been idle for three months, directed plaintiff to come at once, that his salary would be $100 or $125 per month, and stated where plaintiff could move his family so he could be at home every Saturday. Plaintiff also testified he knew Carter was in defendants' employ when he wrote, and on receipt of reply to his application telegraphed defendants he would be up on Monday, and did report in person at their office in St. Louis that day; that before going out on his trip, Carter told him he would have to itemize his expenses, which would be limited to $125 per month, and he did keep an itemized statement of them, and furnished it to the house; that he considered he was working on a salary offered through Carter.

Barkley testified he knew plaintiff intimately, and also knew Carter and J. Anderson; that in January or February, 1886, plaintiff showed him a letter signed by Carter, of the house of J. M. Anderson & Co., written on a letter-head of that firm; that he read the letter; it said plaintiff's salary would be from $100 to $125 per month; the territory mentioned was northwest Missouri; think it suggested where he should take his family.

Powell testified he had known plaintiff eight years, and worked as a traveling salesman for defendants over a month in 1886; was employed by Carter; defendants referred him to Carter; he made the terms; that in the early part of 1886, at defendants' office, told Carter he employed Dezonia on a salary, and did not see why he could not give witness such. Carter replied he knew him so long and had so much confidence in his selling goods that they gave him the benefit of it. There was evidence also showing that when salesmen were paid a salary they were required to keep an account of their expenses, and were not when working for a commission on sales. Carter, who testified for defendants, said he wrote to plaintiff that defendants wanted a man to travel in northwest Missouri;

that the man who had worked that territory and was discharged was a good salesman and was paid $100 a month salary and allowed $125 for expenses; thought he would like the territory and make a success of it; if so, it would pay him a salary of $100 to $125 per month; did not promise plaintiff a salary because he had no authority. Both defendants denied a salary was to be paid plaintiff, and one testified that before plaintiff started on his second trip he asked to be allowed a salary, but witness replied the best he could do was to pay him four per cent. on the gross sales; that plaintiff then left, seemingly dissatisfied, was absent about ten days, then returned and started out on a trip, accepting, as witness supposed, the proposition made to him. The other defendant also testified that before plaintiff started in to work for them he said he preferred to make a trial trip, with the understanding that the firm would pay what his services were worth; that on his return the firm could arrange about his salary in the future, and was satisfied it would pay him what his services were worth. This was the only agreement made by the firm, and the firm never had any contract with plaintiff to pay him a salary. Carter did not deny saying to Powell what the latter testified to, but said he did not remember such conversation, and was not willing to swear that he did not have it. Plaintiff denied all the material matter touching his employment and how he was to be paid as testified to by the defendants. It does not appear that on this branch of the case there was a contest as to whether the salary was fixed by the terms of the letter, or the amount was to be determined by plaintiff's success in selling; but appellants contended there was no contract to pay a salary to appellee, and he was to work for a commission, while appellee denied this and insisted he was to be paid not less than $100 a month salary. The only evidence tending to support the contention of defendants that appellee was to work for a commission was the testimony of the one defendant above quoted and denied by appellee. In this conflict of testimony as to the language of the letter and the acts and conversations of the parties, the instructions excepted to were properly given. The giving of them evidently made

no difference in the result, as the amount of the verdict was based upon a compensation of not more than $100 a month, which was the lowest sum mentioned in the letter, and if the jury did not find a special contract proven, under the instructions given, they were fully justified in allowing appellee quite as large a sum as $100 per month for the reasonable value of his services as shown by the evidence. The claim set up by appellants, that by the usage and custom in St. Louis, in the absence of a special contract, plaintiff's compensation would be fixed at not more than four per cent. commission on his gross sales, is untenable. We see no reason for setting aside the verdict or reversing the judgment, and the same is affirmed.

*Judgment affirmed.*